1  Daniel W. Maguire (SBN 120002)
   E-mail:  dmaguire@bwslaw.com
2  Ellen J. Shadur (SBN 123192)
   E-mail:  eshadur@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Telephone:  213.236.0600
5  Facsimile:  213.236.2700

6  Attorneys for Defendants Waldorf Astoria
   Management LLC and Hilton Worldwide, Inc.

7

FILED

2010 DEC -2  AM 10: 47

CLERK US D...
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  NOUVEAU MODEL TALENT
    MANAGEMENT, INC., a California
12  corporation; BRENDA JULIAN, an
    individual; GERARD ZOBEL, an
13  individual; and RAICHLE GREEN,
    an individual,
14
              Plaintiffs,
15
    v.
16
    LA QUINTA RESORT AND
17  CLUB, an entity unknown;
    WALDORF ASTORIA
18  MANAGEMENT, LLC, a Delaware
    corporation; HILTON
19  WORLDWIDE, INC., a Delaware
    corporation; and DOES 1 through
20  10, Inclusive,

21            Defendants.

22

CASE NO.  '10 CV2474 LAB   NLS

NOTICE OF REMOVAL OF CIVIL ACTION

[Diversity of Citizenship, 28 U.S.C. §§ 84(d) and 1441(a)]

23

24        TO PLAINTIFFS NOUVEAU MODEL TALENT MANAGEMENT, INC.,

25  BRENDA JULIAN, GERARD ZOBEL AND RAICHLE GREEN, AND TO

26  THEIR ATTORNEYS OF RECORD:

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

ORIGINAL

Defendants Waldorf Astoria Management LLC ("Waldorf") and Hilton Worldwide, Inc. ("Hilton") hereby serve notice of their removal of the above-entitled action to the United States District Court for the Southern District of California, from the Superior Court of the State of California for the County of San Diego, and respectfully aver:

## PLEADINGS AND PROCEEDINGS TO DATE

1.     On or about October 8, 2010, an action was commenced in the Superior Court of the State of California for the County of San Diego, entitled *Nouveau Model Talent Management, Inc., a California corporation; Brenda Julian, an individual; Gerard Zobel, an individual; and Raichle Green, an individual, Plaintiffs v. La Quinta Resort and Club, an entity unknown; Waldorf Astoria Management, LLC, a Delaware corporation; Hilton Worldwide, Inc., a Delaware corporation; and Does 1 through 10, inclusive, Defendants*, Case No. 37-2010-00101952-CU-BC-CTL ("the Action").  Attached as Exhibit 1 are true copies of the Summons and Complaint in the Action, together with the following additional pleadings:  Notice of Case Assignment and Civil Case Cover Sheet.  These documents are the only pleadings filed with the Superior Court as of this date.  No responsive pleadings have as yet been filed by any Defendant.

2.     On November 2, 2010, Defendants Waldorf and Hilton accepted service of process in this matter.  The only documents received from Plaintiffs are those attached as Exhibit 1.

3.     La Quinta Resort and Club is a trade name, and is not a legal entity. There has been no service of process on Defendant La Quinta Resort and Club. Nonetheless, this Defendant joins in this Removal.

## GROUNDS FOR REMOVAL

4.   The Action is a suit of a wholly civil nature brought in a California court.  Removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

## DIVERSITY OF CITIZENSHIP JURISDICTION

5.   This is a suit of a wholly civil nature brought in a California court, and the action is pending in the Superior Court for the County of San Diego.  There is complete diversity between Plaintiffs and Defendants.  Accordingly, under 28 U.S.C. §§ 84(d) and 1441(a), the United States District Court for the Southern District of California is the proper forum for removal.

6.   Based on the allegations in the Complaint, Defendants are informed and believe that Plaintiff Nouveau Model Talent Management, Inc. ("Nouveau") is a California corporation which performs the majority of its executive and administrative functions in the County of San Diego, California.

7.   Based on the allegations in the Complaint, Defendants are informed and believe that Plaintiff Brenda Julian ("Julian") is an individual, and a citizen and resident of the County of Orange, California.

8.   Based on the allegations in the Complaint, Defendants are informed and believe that Plaintiff Gerard Zobel ("Zobel") is an individual, and a citizen and resident of the County of Orange, California.

/ / /

/ / /

9.     Based on the allegations of the Complaint, Defendants are informed and believe that Plaintiff Raichle Green ("Green") is an individual, and a citizen and resident of the County of San Diego, California.

10.     Defendant Waldorf is a Delaware corporation which maintains its corporate headquarters and principal place of business in Fairfax County, Virginia. It performs the majority of its executive and administrative functions from its headquarters in Fairfax County, Virginia. Virtually all corporate policies and procedures of Waldorf are likewise implemented through its headquarters in Virginia. Its officers "direct, control, and coordinate" its activities from its headquarters in Virginia. Because the "nerve center" of Waldorf is in the Commonwealth of Virginia, it is considered a citizen of Virginia under the principles of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

11.     Defendant Hilton is a Delaware corporation with its corporate headquarters and principal place of business in Fairfax County, Virginia. It performs the majority of its executive and administrative functions from its headquarters in Fairfax County, Virginia. Virtually all corporate policies and procedures of Waldorf are implemented through its headquarters in Virginia. Its officers "direct, control, and coordinate" its activities from its headquarters in Virginia. Because the "nerve center" of Hilton is in the Commonwealth of Virginia, it is considered a citizen of Virginia under the principles of diversity jurisdiction. *Hertz Corp., supra.*

12.     Defendant La Quinta Resort and Club is a trade name, and is not a legal entity. It is therefore an improperly named defendant in this action, and has no state of incorporation or citizenship for purposes of diversity jurisdiction. It may be disregarded for purposes of establishing diversity jurisdiction.

13.     Defendants are informed and believe that the additional Defendants, Does 1 through 10, have not been served with the Summons and Complaint, and have not appeared in this Action.  Under 28 U.S.C. § 1441(a), the fictitious Doe Defendants are to be disregarded for purposes of removal and need not join in the Removal.  *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209 (9th Cir. 1980); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

## AMOUNT IN CONTROVERSY

14.     Diversity jurisdiction exists where the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332(a).  The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).

15.     Plaintiffs' 114-paragraph Complaint makes clear that they seek damages in excess of $75,000.  According to the Complaint, La Quinta contracted with Plaintiff Nouveau to hire models for a marketing photo shoot on February 21, 2006.  (Comp., ¶ 29)  A verbal agreement was reached limiting the use by Defendants of the models' images for a three-year term.  (Comp., ¶ 32)  The agreement contemplated use of the models' images in local bus shelters and local cable commercials for a three-month term and on the internet for a three-year term.  (Comp., ¶ 32)  Plaintiffs allege that Defendants used the images of the Plaintiff models Julian, Zobel and Green for a period in excess of the agreed upon term.

16.     Plaintiffs claim that in December 2009, Plaintiff Nouveau became aware that the on-line content of La Quinta Resort and Club contained an image of the three Plaintiff models from the February 21, 2006 photo shoot, that such use

1   exceeded the maximum license period under the agreement by 10 months, and was

2   unauthorized.  (Comp., ¶¶ 58, 59, 60, 66)  Defendants removed the images of the

3   Plaintiff models at Plaintiff Nouveau's request.  (Comp., ¶ 67)  However, Plaintiffs

4   claim damages by reason of Defendants' conduct.  Plaintiffs' Complaint asserts six

5   causes of action for breach of written contract, breach of oral contract, violation of

6   California B&P Code § 17200, violation of Civil Code § 3344, violation of

7   common law appropriation, and unjust enrichment.  Plaintiffs alleged damages

8   include compensatory damages, consequential damages, attorneys' fees (Comp.,

9   ¶ 102), and exemplary damages based on alleged oppressive, fraudulent and

10  malicious conduct.  (Comp., ¶ 101).

12      17.   Under federal law, if attorneys' fees are recoverable by plaintiff, by

13  statute or contract, the fee claim is included in determining the amount in

14  controversy.  *Goldberg v. CPC Int'l*, 678 F.2d 1365 (9th Cir. 1982).  Here,

15  Plaintiffs assert a claim under California Civil Code § 3344, which allows for

16  recovery of attorneys' fees.

18      18.   The amount in controversy may include punitive damages if (1) they

19  are recoverable as a matter of state law and (2) it cannot be said to a legal certainty

20  that plaintiff would not be entitled to recover the jurisdictional amount.  *Anthony v.*

21  *Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson*

22  *v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994).  Here, Plaintiffs seek punitive

23  damages against Defendants because of what is alleged to be "oppressive[]

24  fraudulent[] and malicious[] conduct perpetrated with a willful and conscious

25  disregard of the rights of [Plaintiffs]."  (Comp., ¶ 101)  If Plaintiffs' allegations are

26  proven by clear and convincing evidence, they may recover punitive damages

27  pursuant to California Civil Code § 3294.

28  / / /



19.   While Defendants contend that Plaintiffs' claim for punitive damages is unfounded, Plaintiffs presumably do not contend that it has been established to a legal certainty that they do not have a claim for punitive damages.  Where it is obvious that the plaintiff is seeking punitive damages in excess of the amount needed to exceed the $75,000 threshold to confer jurisdiction, the action need not be remanded.  See *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25 (S.D. WVA). Given Plaintiffs' claims for contract benefits, attorneys' fees, consequential damages, and punitive damages, their claims exceed the $75,000 threshold needed for diversity jurisdiction.

## **TIMELINESS OF REMOVAL**

20.   Service was accepted by Defendants Waldorf and Hilton on November 2, 2010.  This Notice of Removal is filed within thirty (30) days of said date, and within one year of the date of commencement of the Action.  This removal is, therefore, timely under 28 U.S.C. § 1446(b).

## **VENUE**

21.   This is a suit of a wholly civil nature brought in a California court. Because the action is pending in the Superior Court of California for the County of San Diego, under 28 U.S.C. § 84(d) and 1441, the United States District Court for the Southern District of California is the proper forum for removal.

/ / /

/ / /

/ / /

/ / /

/ / /

1    WHEREFORE, Defendants pray that the above-referenced Action pending in

2  the Superior Court of the State of California for the County of San Diego, Case

3  No. 37-2010-00101952-CU-BC-CTL, be removed from that Court to this United

4  States District Court.

5

6

DATED:  December 1, 2010          BURKE, WILLIAMS & SORENSEN, LLP
7                                  DANIEL W. MAGUIRE
                                   ELLEN J. SHADUR
8

9

10                                 By: _Michael J Bell for_____
                                       DANIEL W. MAGUIRE
11                                     Attorneys for Defendants
                                       Waldorf Astoria Management LLC and
12                                     Hilton Worldwide, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

La Quinta Resort and Club, an entity unknown;
Waldorf Astoria Management, LLC, a Delaware corporation,
and, Hilton Worldwide, Inc., a Delaware corporation

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

Nouveau Model Talent Management, Inc., Brenda Julian, Gerard Zobel
and Raichle Green

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2010 OCT -8 PM 3:33

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): San Diego Superior Court<br><br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER<br>(Número del Caso):<br>37-2010-00101952-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Joseph N. Casas (SBN 225800), Casas Law Group, P.C., 3033 Fifth Ave., Ste. 325, San Diego, CA 92103

| DATE:<br>(Fecha) | | Clerk, by<br>(Secretario) | R. Vela | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

## EXHIBIT 1
## 9

Joseph N. Casas (SBN 225800)
Email: joseph@casaslaw.com
Tamara M. Leetham (SBN 234419)
Email: tamara@casaslaw.com
CASAS LAW GROUP, P.C.
3033 Fifth Ave., Suite 325
San Diego, CA 92103
Phone: (619) 692-3146
Facsimile: (619) 692-3196

Attorneys for Plaintiffs
Nouveau Model Talent Management, Inc.,
Brenda Julian, Gerard Zobel and Raichle Green

2010 OCT -9 FM 2: 33

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| NOUVEAU MODEL TALENT MANAGEMENT, INC., a California corporation; BRENDA JULIAN, an individual; GERARD ZOBEL, an individual; and RAICHLE GREEN, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> LA QUINTA RESORT AND CLUB, an entity unknown; WALDORF ASTORIA MANAGEMENT, LLC, a Delaware corporation; HILTON WORLDWIDE, INC., a Delaware corporation; and DOES 1 through 10 Inclusive; <br><br> Defendants. | CASE NO. 37-2010-00101952-CU-BC-CTL <br><br> COMPLAINT: <br><br> 1) BREACH OF WRITTEN CONTRACT <br> 2) BREACH OF ORAL CONTRACT <br> 3) UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE §17200 <br> 4) VIOLATION OF CIVIL CODE §3344 <br> 5) VIOLATION OF COMMON LAW APPROPRIATION <br> 6) UNJUST ENRICHMENT <br><br> (Unlimited Civil Case) <br><br> Demand for Jury Trial |

Nouveau Model Talent Management, Inc. ("Nouveau"), Brenda Julian ("Julian"), Gerard Zobel ("Zobel"), and Raichle Green ("Green") (collectively "Plaintiffs") allege the following upon information and belief and personal knowledge as to their own acts:

///

///

**C**
CASASLAWGROUP

1
Complaint

**EXHIBIT 1**
10

## PARTIES

1.     Plaintiff Nouveau is, and at all times relevant to this action was, a modeling agency and California corporation located in and conducting business in San Diego County, California.

2.     Plaintiff Julian is, and at all times relevant to this action was, an individual residing in Orange County, California and is a model currently based in southern California.

3.     Plaintiff Zobel is, and at all times relevant to this action was, an individual residing in Orange County, California and is a model currently employed in southern California.

4.     Plaintiff Green is, and at all times relevant to this action was, an individual residing in San Diego County, California and is a model/stylist currently employed in southern California.

5.     Plaintiffs are informed and believe and thereon allege that Ideaworks Advertising, Inc. ("Ideaworks") was at all times relevant to this action a California corporation doing business in San Diego County, California.

6.     Plaintiffs are informed and believe and thereon allege that Ideaworks maintained its corporate headquarters in Carlsbad, California, in San Diego County but is now dissolved.

7.     Plaintiffs are informed and believe and thereon allege that defendant La Quinta Resort and Club ("La Quinta Resort") is, and at all times relevant to this action was, an entity unknown doing business in Riverside County, California.

8.     Plaintiffs are informed and believe and thereon allege that La Quinta is a subsidiary of defendant Waldorf Astoria Management, LLC. ("Waldorf"), a Delaware corporation doing business in Riverside County, California.

9.     Plaintiffs are informed and believe and thereon allege that defendant Waldorf is a subsidiary of Hilton Worldwide, Inc.. ("Hilton"), a Delaware corporation doing business in Riverside County, California. (La Quinta, Waldorf and Hilton are collectively referred to as "Defendants" or "La Quinta.")

///

///



CASASLAWGROUP

**EXHIBIT 1**
**11**

10.     Plaintiffs are unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore, Plaintiffs sue those defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities after they have been ascertained.

11.     Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants was the agent, servant, partner, joint venture, or employee of the other Defendant(s) and were acting within the scope of such agency, partnership, venture or employment, with the knowledge and consent or ratification of each of the other Defendants in doing the things alleged thereon at all times relevant to this action.

12.     All allegations of this Complaint are made upon information and belief, without prejudice to amendment, supplementation, contradiction, withdrawal or deletion of any allegation, or Plaintiffs' right to prove the true facts at trial after they have been ascertained.

13.     Plaintiffs avail themselves of the doctrine of alternative pleadings and, inasmuch as Plaintiffs' investigation is incomplete, and discovery and investigation is ongoing, plead each allegation, cause of action, claim and remedy in this Complaint without prejudice to any contradictory current, subsequent or previous allegation, claim or remedy after the true and correct facts have been discovered and pleaded and proved and/or Plaintiffs have expressly elected among available alternative remedies. Further, Plaintiffs' pleadings or omissions of any alternative theory, cause of action, or remedy shall not constitute an election of one or more theories, claims or remedies over, in place of, or to the exclusion of any other.

## GENERAL ALLEGATIONS

14.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 13 above as though fully set forth below.

### A.    Nouveau's Standard Business Practices

15.     Nouveau is a full service talent agency founded in 1987 by CEO Peter Hamm ("Hamm") and has been a California Corporation since 1989.

16.     Nouveau models have worked around the globe on a variety of jobs including print, runway, campaigns, commercials, and feature film work.

CASASLAWGROUP

17. Nouveau, following standard industry practice, has specific procedures each time a client books a model for a photo shoot. Nouveau's fees, and those of the model, are proportionate to the quality of the model chosen by the client, the experience of the model, the demand for the model, the length of the photo shoot, the type of media the client will use, and the length of time the rights to use the photos are assigned to the client.

18. Nouveau, following standard industry practice, has standard rates it charges clients based on length of the photo shoot, the type of media the client will use, and the length of time the rights to use the photos are assigned to the client.

19. Nouveau's rates are substantially higher for clients requesting extended use terms or use of photos in multiple forms of media. Nouveau rarely grants lifetime rights without securing a substantial amount of money or other incentives, and never grants lifetime rights associated with advertising media.

20. For each media outlet requested by the client there is typically an additional "usage fee." This fee is based upon the type of usage requested by the client (website, print advertising, collateral, media, billboards, etc...) as well as the length of time the client is requesting, exposure, quality of model, and original "day rate" the model was booked for

21. When a client contacts Nouveau, the client gives Nouveau a general description of the model(s). The client also informs Nouveau of how they intend to use the photos, and provides Nouveau with the photo shoot dates. Based on this information, Nouveau sends the client booking cards with photographs of several models that match the client's request. The client then selects the model(s) they would like to use at the photo shoot.

22. At the photo shoot, the client and the model fill out a Nouveau voucher ("Voucher") which contains the dates and hours worked by the model as well as the usage restrictions of the model(s) photographs by the client. Both the client and the model sign the Voucher acknowledging that any additional uses must be negotiated with the booking agency.

///

///

///

CASASLAWGROUP

**EXHIBIT 1**

**13**

23.     After the photo shoot, Nouveau invoices the client for the Voucher rate. If the client pays Nouveau, further communication between Nouveau and the client is unnecessary, unless the client contacts Nouveau and asks for additional usages or additional time, which occurs on a regular basis with many of their clients.

24.     Nouveau does not track clients' use of models photographs to determine whether the clients violate the Voucher. As long as the clients agree to Nouveau's usage terms and sign the Voucher memorializing their agreement, Nouveau typically has no reason to suspect a client is violating the terms of the Voucher.

25.     On average Nouveau books over 500 jobs yearly and has access to a "booking roster" of models comprised of nearly 3,800 southern California full and part time models. Some models never work or work once while others work numerous times.

**B.      La Quinta's Usage of Julian, Zobel and Green**

26.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 25 above as though fully set forth below.

27.     Plaintiffs are informed and believe and thereon allege that Defendants hired Ideaworks, an advertising agency, to produce a 2006 photo shoot for the production of La Quinta marketing materials for use in La Quinta Resort's Twenty6 Restaurant and general image branding of La Quinta Resort's property.

28.     In or about February 2006, La Quinta, through Ideaworks, contacted Nouveau to request models for use in La Quinta's marketing materials including use in advertising for La Quinta Resort's Twenty6 Restaurant and general image branding of La Quinta Resort's property.

29.     La Quinta, through Ideaworks, informed Nouveau that they required "good looking" couples in their 30's and 40's for a photo shoot on February 21, 2006. La Quinta would use the photos in local bus shelters and local cable commercials for a 3 month period and on the internet for a 3 year period.

30.     In response, and through Ideaworks, Nouveau sent booking cards with photographs of several models that matched La Quinta's request.


CASASLAWGROUP

5
Complaint

**EXHIBIT 1**
**14**

31.   La Quinta selected Julian, Zobel and Green for the photo shoot on February 21, 2006.

32.   On or about February 20, 2006, La Quinta, through Ideaworks, entered into a verbal agreement with Nouveau that Julian, Zobel and Green's images would be used for a maximum 3 year term and agreed that the photos would be used in local bus shelters and local cable commercials for a 3 month term and on the internet for a 3 year term.

33.   Nouveau, through Ideaworks, charged La Quinta $2,000 per day, per model, which was the standard rate for a 3 year use term in the type of media La Quinta had requested. Nouveau and La Quinta, through Ideaworks, never discussed any additional image usage by La Quinta including any discussion regarding image use in perpetuity.

34.   On or about February 21, 2006, Nouveau, La Quinta through Ideaworks, Julian, Zobel and Green, at the job site and prior to the photo shoot, executed a Voucher ("Julian, Zobel and Green Voucher").   (A true and correct copy of the Julian, Zobel and Green Voucher is attached as "**Exhibit A**" and incorporated by reference.)

35.   The Julian, Zobel and Green Voucher limited the use of Julian, Zobel and Green's photographs to use in local bus shelters and local cable commercials for a period of 3 months and on the internet for a period of 3 years.

36.   On or about February 21, 2006, Julian, Zobel and Green participated in the La Quinta photo shoot in Indio, California.

37.   After the photo shoot was complete, Nouveau invoiced La Quinta, through Ideaworks, for $10,000; $2,000, per day, per model, plus the $2,000 agency fee.[1]

38.   On or about April 6, 2006, La Quinta, through Ideaworks, sent payment to Nouveau's San Diego, California office.  Nouveau had no reason to suspect that La Quinta would violate f the usage terms for Julian, Zobel and Green's photographs.

///

///

---

[1] Nouveau provided four (4) models for the February 21, 2006 photo shoot at La Quinta's request.  However, only 3 of the models images, Julian, Zobel and Green, are known to have been used after the 3 year internet usage term expired.

**CASASLAWGROUP**

6
Complaint

**EXHIBIT 1**
**15**

C.    **General Allegations As To Brenda Julian: Modeling History with Nouveau**

39.    Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 38 above as though fully set forth below.

40.    On or about September 2001, Julian began working as a model for Nouveau. From September 2001 to date, Julian booked a total of 11 jobs with Nouveau.

41.    On or about February 2006, Julian was chosen by La Quinta to participate in a 1 day photo shoot on February 21, 2006 for the production of La Quinta marketing materials for advertising use in La Quinta Resort's Twenty6 Restaurant and general image branding of La Quinta Resort's property.

42.    In or about February 2006, prior to the photo shoot, Nouveau, La Quinta, through Ideaworks, and Julian executed the Julian, Zobel and Green Voucher in which Julian gave La Quinta limited usage permission to use photographs taken at the February 21, 2006 photo shoot in local bus shelters and local cable commercials for a 3 month period and on the internet for a 3 year period. The Julian, Zobel and Green Voucher also expressly states that for any other usages separate negotiations are required and additional fees are required.

43.    On or about February 21, 2006, Julian participated in the La Quinta photo shoot in Indio, California.

44.    Nouveau invoiced La Quinta and Julian was paid $2,000.

D.    **General Allegations As To Gerard Zobel: Modeling History with Nouveau**

45.    Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 44 above as though fully set forth below.

46.    On or about January 2001, Zobel began working as a model for Nouveau. From January 2001 to date, Zobel booked a total of 23 jobs with Nouveau.

47.    On or about February 2006, Zobel was chosen by La Quinta to participate in a 1 day photo shoot on February 21, 2006 for the production of La Quinta marketing materials for advertising use in La Quinta Resort's Twenty6 Restaurant and general image branding of La Quinta Resort's property.

///

CASASLAWGROUP

**EXHIBIT 1**
**16**

48. In or about February 2006, prior to the photo shoot, Nouveau, La Quinta, through Ideaworks, and Zobel executed the Julian, Zobel and Green Voucher in which Zobel gave La Quinta limited usage permission to use photographs taken at the February 21, 2006 photo shoot in local bus shelters and local cable commercials for a 3 month period and on the internet for a 3 year period. The Julian, Zobel and Green Voucher also expressly states that for any other usages separate negotiations are required and additional fees are required.

49. On or about February 21, 2006, Zobel participated in the La Quinta photo shoot in Indio, California.

50. Nouveau invoiced La Quinta and Zobel was paid $2,000.

E. **General Allegations As To Brenda Green: Modeling History with Nouveau**

51. Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 50 above as though fully set forth below.

52. On or about 1995, Green began working as a model for Nouveau. From 1995 to date, Green booked a total of 72 jobs with Nouveau.

53. On or about February 2006, Green was chosen by La Quinta to participate in a 1 day photo shoot on February 21, 2006 for the production of La Quinta marketing materials for advertising use in La Quinta Resort's Twenty6 Restaurant and general image branding of La Quinta Resort's property.

54. In or about February 2006, prior to the photo shoot, Nouveau, La Quinta, through Ideaworks, and Green executed the Julian, Zobel and Green Voucher in which Green gave La Quinta limited usage permission to use photographs taken at the February 21, 2006 photo shoot in local bus shelters and local cable commercials for a 3 month period and on the internet for a 3 year period. The Julian, Zobel and Green Voucher also expressly states that for any other usages separate negotiations are required and additional fees are required.

55. On or about February 21, 2006, Green participated in the La Quinta photo shoot in Indio, California.

56. Nouveau invoiced La Quinta and Green was paid $2,000.



CASASLAWGROUP

8
Complaint

**EXHIBIT 1**
**17**

F.     **La Quinta Violated the Julian, Zobel and Green Voucher**

57.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 56 above as though fully set forth below.

58.     In or about December 2009, Nouveau became aware of a potential violation with another model on an unrelated matter and, as a result, began reviewing its accounts, including La Quinta's website, for potential Voucher violations.

59.     Nouveau discovered that La Quinta's online content contained an image of Julian, Zobel and Green ("the Models") from the February 21, 2006 photo shoot.

60.     Nouveau informed the Models of La Quinta's unauthorized use and confirmed that the Models were unaware of La Quinta's unauthorized continued use of their photographs until Nouveau brought it to their attention.

61.     None of the Models are La Quinta clients and do not visit the La Quinta website.

62.     Nouveau investigated potential violations as the Model's agent because Nouveau is in the best position to enforce contracts made between Nouveau and La Quinta and it is best suited to discover contractual violations.

63.     The Models have assigned their rights to Nouveau in relation to La Quinta's violation of the Julian, Zobel and Green Voucher.

64.     Nouveau is informed and believes and thereon alleges that La Quinta launched a new website on or about June or July 2009 and the new website continued to contain unauthorized image(s) of the Models.

65.     In or about December, 2009, La Quinta's web site continued to contain the Models image(s) from the February 21, 2006 photo shoot. (A true and correct copy of the web site image from December 2010 is attached as "**Exhibit B**" and incorporated by reference.)

66.     Nouveau is informed and believes and thereon alleges that La Quinta used the Models image(s) continuously on its website each year since Nouveau and La Quinta executed the Julian, Zobel and Green Voucher for a total of 3 years and 10 months.

///

//

CASASLAWGROUP

9
Complaint

**EXHIBIT 1**
**18**

67. Nouveau is informed and believes and thereon alleges that La Quinta used Julian, Zobel and Green's images for a period of 10 months after the agreed upon 3 year internet term of usage expired and only removed Julian, Zobel and Green's images at Nouveau's request.

68. Nouveau is informed and believes and thereon alleges that La Quinta has used the image(s) in its online content without compensating Nouveau or the Models for its additional unauthorized usage. Nouveau is further informed and believes that La Quinta may have engaged in other unauthorized uses of the image(s) which Nouveau and the Models are unaware.

69. Nouveau is informed and believes and thereon alleges that the Models image(s) used by La Quinta on their website from February 2006 through December 2009 were altered, reconstituted, or rebranded each time they were re-published by La Quinta on their website. They were altered and/or rebranded in that: the launch date of the website was different, the pictures were moved to different locations within La Quinta's online content, the pictures were used to promote different forms of La Quinta's business as well as other alterations Nouveau is currently unaware.

70. Plaintiff is further informed and believes and thereon alleges that La Quinta profited by using the Julian, Zobel and Green images for La Quinta marketing, advertising, selling, branding and merchandising without proper consent.

71. On or about December 14, 2009, Hamm e-mailed Bob Buttaro ("Buttaro"), of La Quinta Resort, to request La Quinta remove Julian, Zobel and Green's images and to secure compensation for the unauthorized use. La Quinta subsequently offered to settle.

72. From December 2009 through July 2010, Hamm corresponded with Buttaro, Christopher George ("George") of La Quinta Resort, and Robert Lannan ("Lannan"), of Hilton, in attempts to reach an amicable resolution to the Julian, Zobel and Green Voucher breach.

73. After 7 months of correspondence, La Quinta refused to negotiate beyond their initial offer to settle.

74. Plaintiffs have been compelled to bring the instant to enforce their contractual rights under the Julian, Zobel and Green Voucher.

### FIRST CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT

#### (Against All Defendants)

25.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 74 above as though set forth fully below.

26.     In or about February 2006, Nouveau and La Quinta, through Ideaworks, entered into a written contract, the Julian, Zobel and Green Voucher, for La Quinta's limited use of Julian, Zobel and Green's images at a photo shoot later that month. (See Exhibit "A.")  La Quinta agreed to use Julian, Zobel and Green's images on local bus shelters and in local cable commercials for a 3 month period and on the internet for a 3 year period.

27.     The Julian, Zobel and Green Voucher expressly states that usage of Julian, Zobel and Green's images is limited to local bus shelters and local cable commercials for a 3 year period and on the internet for a 3 year period.   The Julian, Zobel and Green Voucher also expressly states that for any other usages separate negotiations are required and that additional fees are required.

28.     La Quinta breached the Julian, Zobel and Green Voucher by continuing to use Julian, Zobel and Green's images on the internet for a term greater than 3 years.

29.     Plaintiffs have performed all of the conditions, covenants, and agreements on their part to be performed in accordance with the terms of the written contract, the Julian, Zobel and Green Voucher.

30.     As a direct and proximate result of La Quinta's breach of the Julian, Zobel and Green Voucher, Plaintiffs have been damaged in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

### BREACH OF ORAL CONTRACT

#### (Against All Defendants)

31.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 80 above as though set forth fully below.


CASASLAWGROUP

11
Complaint

**EXHIBIT 1**
**20**

82. In or about February 2006, La Quinta contacted Nouveau by telephone to book models for photo shoot to develop marketing and advertising materials for La Quinta Resort's Twenty6 Restaurant and general image branding of La Quinta Resort's property.

83. During that Noveau and La Quinta's discussion, La Quinta agreed to use the model(s) images only on local bus shelters and in local cable commercials for a 3 month period and on the internet for a 3 year period. Nouveau charged La Quinta its standard rate of $2,000 per model, per day which was also the standard industry rate for use of model images in the type of media requested. There was never a discussion or any agreement regarding image usage in perpetuity or in any other media other than the type originally requested by La Quinta.

84. La Quinta breached the oral agreement it reached with Nouveau in 2006 by using Model images in after the 3 year period defined in the oral agreements.

85. Plaintiffs have performed all of the conditions, covenants, and agreements on their part to be performed in accordance with the terms of the oral contract.

86. As a direct and proximate result of La Quinta's breach of contract, Plaintiffs have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE §17200

#### (Against All Defendants)

87. Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 86 above as though set forth fully below.

88. Plaintiffs entered into contractual agreements with La Quinta with the intention of completing a business transaction.

89. Plaintiff Nouveau intended to provide, and did provide, models to La Quinta for use during a specified period of time in a specified media. In exchange for La Quinta's use of the models photos, Plaintiffs received monetary compensation of $2,000 per model, per day and a 20% agency fee.

///

///

CASASLAWGROUP

**EXHIBIT 1**
**21**

90.     La Quinta, through its written contract, the Julian, Zobel and Green Voucher and through the oral telephone conversations, understood the terms of the agreement; that the images would be used only on local bus shelters and in local cable commercials for a 3 month period and on the internet for a 3 year period.

91.     La Quinta however, did not compensate Plaintiffs for use of the images past the 3 year period specified in the Julian, Zobel and Green Voucher and as agreed to in the oral contract regarding internet usage in breach of the express terms of the written contract and the oral contract.

92.     Plaintiffs are informed and believe and thereon allege that at the time La Quinta orally committed to the image usage restrictions, La Quinta knew that it was paying for use of the model's images for a 3 year period on local bus shelters and in local cable commercials and a 3 year period on the internet.

93.     The acts and practices described in the preceding paragraphs were misleading to Plaintiffs and would be to the general public as well. These acts constitute unfair and fraudulent business practices within the meaning of Business & Professions Code section 17200 which prohibits unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

94.     As a direct and proximate result of La Quinta's acts, Plaintiffs have suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE §3344

#### (Against All Defendants)

95.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 94 above as though set forth fully below.

96.     At the time La Quinta entered into both the written and oral contracts, La Quinta knew the terms of the agreements and knew that Julian, Zobel and Green's images could be used only for 3 months on local bus shelters and in local cable commercials and for 3 months on the internet.

CASASLAWGROUP

13
Complaint

**EXHIBIT 1**

**22**

97.     La Quinta's use of the Models images in its online content for a period in excess of 3 years was a knowing violation of the agreements La Quinta had with Nouveau, Julian, Zobel and Green and a violation of Civil Code section 3344[2].

98.     La Quinta used the images of the Models it obtained from Nouveau outside the terms of the Julian, Zobel and Green Voucher and the oral contracts and for commercial purposes; to market and merchandise the La Quinta brand.

99.     At no time did Nouveau consent to La Quinta's use of Julian, Zobel and Green's images in its online content past the 3 year period expressed in the Julian, Zobel and Green contract and the oral contract.

100.    As a direct and proximate result of La Quinta's acts, Plaintiffs have suffered damages in an amount to be determined at trial.

101.    Plaintiffs are informed and believe and thereon allege that Defendants acted oppressively, fraudulently and maliciously with the willful and conscious disregard of the rights of Nouveau, Julian, Zobel and Green, and by reason thereof, Nouveau, Julian, Zobel and Green are entitled to recover, in addition to their actual damages, exemplary damages against Defendants.

102.    Plaintiffs have been compelled to engage the law firm of Casas Law Group P.C. to enforce its contractual rights and to prosecute this instant action.  Pursuant to Civil Code section 3344, Plaintiffs are entitled to collect all reasonable costs and expenses of the lawsuit, including, but not limited to reasonable attorney's fees.

///

///

---

[2] 3344  (a) Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal . . . the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to present proof only of the gross revenue attributable to such use, and the person who violated this section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs.

**EXHIBIT 1**

**23**

## FIFTH CAUSE OF ACTION

### VIOLATION OF COMMON LAW APPROPRIATION

#### (Against All Defendants)

103. Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 102 above as though set forth fully below.

104. Plaintiffs are informed and believe and thereon allege that Defendants used images of Julian, Zobel and Green in its online content from the 2006 photo shoot through 2009.

105. The images Defendants used were obtained through contracts with Nouveau, Julian, Zobel and Green and accordingly were subject to the use terms contained in the contracts.

106. The extended and unauthorized use of Julian, Zobel and Green's images constitutes a misappropriation of their images and subjects Defendants to liability.

107. As a direct and proximate result of Defendants misappropriation of Julian, Zobel and Green's images, Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

#### (Against All Defendants)

108. Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 107 above as though set forth fully below.

109. Plaintiffs are informed and believe and thereon allege that Defendants have used Julian, Zobel and Green's images in La Quinta's online marketing and advertising ventures for the express purpose of marketing and merchandising the La Quinta brand.

110. Defendants used Julian, Zobel and Green's images for 3 years and 9 months in violation of the Julian, Zobel and Green Voucher and oral contractual terms with Nouveau, Julian, Zobel and Green. As a result, La Quinta realized profits from the numerous sales transactions flowing from the images use in La Quinta's advertising.

111. Plaintiffs have not received any compensation for the use of the images of Julian, Zobel and Green during the period after the expiration of the three (3) year term of usage expressed in the Nouveau/La Quinta oral contracts.

15
Complaint


CASAS LAW GROUP

**EXHIBIT 1**

**24**

112. Plaintiffs have not received any compensation for La Quinta's image use of Julian, Zobel and Green during the period after the expiration of the 3 year term of usage expressed in the Julian, Zobel and Green Voucher

113. As a direct and proximate result of Defendants' actions, Defendant has been unjustly enriched.

114. Plaintiffs have suffered damages as a result of Defendant's unjust enrichment in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Nouveau Model Talent Management, Inc., Brenda Julian, Gerard Zobel and Raichle Green pray for judgment against La Quinta Resort and Club, Waldorf Astoria Management, LLC, and Hilton Worldwide, Inc. and Does 1 through 10 as follows:

1. For an award of compensatory damages according to proof;

2. For an award of consequential damages according to proof;

3. For an award of costs to Plaintiffs;

4. Such other and further relief as may be appropriate.

Dated: October 6, 2010

Respectfully Submitted,
CASAS LAW GROUP, P.C.

Joseph N. Casas /Tamara M. Leetham
Attorneys for Plaintiffs Nouveau Model
Talent Management, Inc., Brenda Julian,
Gerard Zobel and Raichle Green

16
Complaint

**EXHIBIT 1**
**25**

# Exhibit A

**EXHIBIT 1**
**26**

Brenda Julian
Steve Whittaker
Raichle Green          24648
MODEL Gerard Zobel
2/20/06

nouveau
model & talent

(858) 456-1400
909 Prospect Street
Suite 230
La Jolla, CA 92037
FAX (858) 456-1969

JOB DATE

TWENTY 6 RESTAURANT
STUDIO/CLIENT    LA QUINTA

949-4600046

|  | DATE | RATE | TIME IN | TIME OUT | AMOUNT |
|---|---|---|---|---|---|
| JOB | 2/21 | 2000/ day | 9:00 | 6:00 | $ 2000/ each |
| FITTING |  |  |  |  |  |
| TRAVEL |  |  |  |  |  |
| MISC. |  |  |  | TOTAL | $ 2000/ each |

Subject to a service charge.

MODEL'S RELEASE In consideration of the model fees stated herein I hereby give permission to the advertisers and/or publisher to produce my photograph for advertising or editorial purposes excluding national advertisement, television commercials, theatrical presentation, posters, billboards, point of purchase, packages and teeshirts unless negotiated with agency for such additional use. This release takes precedence over any release signed at the time of job with exception of contracts and agency releases that contain the same information herein.

If any of the following usages apply, separate negotiations are required:
☑ GAS & METERS & B month/Coachella Valley ☑ Internet (3 years)
☐ BILLBOARDS   ☐ POINT OF PURCHASE        Bonus to be paid $
☑ Tribal commercial B month/coachella    (amount) if ad runs.
☐ NATIONAL AD   ☐ PRODUCT PACKAGING       Length of time ad will run __

SEND
INVOICE TO   IDEAWORKS ADVERTISING
ADDRESS

CITY/STATE

CLIENT
SIGNATURE

MODEL'S
SIGNATURE   Raichle Green

AGENCY COPY: WHITE   CLIENT'S COPY: YELLOW   MODEL'S COPY: PINK

R Watt
Feb 22 06 10:25a

**EXHIBIT 1**
27

# Exhibit B

**EXHIBIT 1**
**28**



BRENDA          RACHEL          GERARD

Bre. Sign - Cut out again !!!

EXHIBIT 1

29

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME: Central

TELEPHONE NUMBER: (619) 450-7061

PLAINTIFF(S) / PETITIONER(S)    NOUVEAU MODEL TALENT MANAGEMENT INC et al

DEFENDANT(S) / RESPONDENT(S)    La Quinta Resort and Club et al

NOUVEAU MODEL TALENT MANAGEMENT INC VS. LA QUINTA RESORT AND CLUB

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER |
|---|---|
|  | 37-2010-00101952-CU-BC-CTL |

Judge: Joan M. Lewis                    Department: C-65

**COMPLAINT/PETITION FILED:** 10/08/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Page 1

SDSC CIV-721 (Rev 11-06)            **NOTICE OF CASE ASSIGNMENT**

**EXHIBIT 1**

**30**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph N. Casas (SBN 225809), Tamara M. Leetham (SBN 234419)<br>Casas Law Group, P.C.<br>1033 Fifth Ave., Ste. 325<br>San Diego, CA 92103<br>TELEPHONE NO.: 619-692-3146  FAX NO.: 619-692-3196<br>ATTORNEY FOR (Name): Nouveau Model Talent Management, Inc., Brenda Jatine, Gerard Zobel and Raphile Green | 2010 OCT -8  PM 3: 33 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Nouveau Model Talent Management, Inc., et. al. v. La Quinta Resort and Club, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2010-00101952-CU-BC-CTL |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Six (6)
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 6, 2010

JOSEPH CASAS
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT 1**
31

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# EXHIBIT 1

## 32

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is Burke, Williams & Sorensen, LLP, 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953.

On December 1, 2010, I served the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested party(ies) in this action as follows:

☒     by placing true copies thereof enclosed in a sealed envelope addressed as stated on the attached service list.

☒     **BY MAIL:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope was placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

☐     **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (213) 236-2700. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐     **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

☐     **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. I declare that I ☒ am employed in the office of a member of the bar of this court at whose direction the service was made; ☐ served the above document(s) at the direction of a member of the bar of this court.

Executed on December 1, 2010, at Los Angeles, California.

*Mary Musulman*
Mary Musulman

## SERVICE LIST

*Nouveau Model Talent Management, Inc., et al. v. La Quinta Resort and Club, et al.*

Joseph N. Casas, Esq.
Tamara M. Leetham, Esq.
CASAS LAW GROUP, P.C.
3033 Fifth Avenue, Suite 325
San Diego, CA  92103

Tel:  (619) 692-3146
Fax:  (619) 692-3196
E-mail:  joseph@casaslaw.com;
tamara@casaslaw.com

Attorneys for Plaintiffs,
Nouveau Model Talent Management,
Inc., Brenda Julian, Gerard Zobel and
Raichle Green

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NOUVEAU MODEL TALENT MANAGEMENT, INC., a California corporation; BRENDA JULIAN, an individual; GERARD ZOBEL, an individual; and RAICHLE GREEN, an individual

## DEFENDANTS:
LA QUINTA RESORT AND CLUB, an entity unknown; WALDORF ASTORIA MANAGEMENT, LLC, a Delaware corporation; HILTON WORLDWIDE, INC., a Delaware corporation; and DOES 1 through 10, Inclusive

2010 DEC -2 AM 10: 46

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

'10 CV 2474 LAB NLS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph N. Casas (SBN 225800); joseph@casaslaw.com
Tamara M. Leetham (SBN 234419); tamara@casaslaw.com
CASAS LAW GROUP, P.C.
3033 Fifth Avenue, Suite 325, San Diego, CA 92103
Tel: 619.692.3146 Fax: 619.692.3196

Attorneys (If Known)
Daniel W. Maguire (SBN 120002); dmaguire@bwslaw.com
Ellen J. Shadur (SBN 123192); eshadur@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071-2953; Tel: 213.236.0600 Fax: 213.236.2700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332(a) and 1441(a)
Brief description of cause:
Breach of modeling contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE
December 1, 2010

SIGNATURE OF ATTORNEY OF RECORD
DANIEL W. MAGUIRE

*Michael G. Bell for*

**FOR OFFICE USE ONLY**

RECEIPT # 70702 AMOUNT 350 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL 12-2-10

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS020702
Cashier ID: nsiefken
Transaction Date: 12/02/2010
Payer Name: BURKE WILLIAMS LLP
--------------------------------
CIVIL FILING FEE
 For: NOUVEAU MODEL VS LA QUINTA ET
 Case/Party: D-CAS-3-10-CV-002474-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 56729
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```